[Civ. No. 538. Second Appellate District.—November 19, 1908.]

# F. F. ALDIS, Respondent, v. ADOLF SCHLEICHER, Appellant.

ACTION AGAINST REAL ESTATE BROKER TO RECOVER COMMISSIONS—STATUTE OF FRAUDS—INSUFFICIENT COMPLAINT.—Conceding that a real estate broker authorized in writing to effect a sale of real estate may make an oral contract to pay a commission to another broker, who finally secured a purchaser thereof, yet a complaint to recover under said oral contract with defendant, which does not aver that the defendant was authorized in writing by the owner to effect a sale of the property, states no cause of action, and a general demurrer thereto was properly sustained.

ID.—CONSTRUCTION OF STATUTE OF FRAUDS—EMPLOYMENT BY PERSONS NOT OWNERS.—The provision in section 1624 of the Civil Code that "an agreement authorizing or employing an agent or broker to purchase or sell real estate for a compensation or a commission" is "invalid, unless the same or some note or memorandum thereof is is in writing and subscribed by the party to be charged," while designed to protect owners of real estate against unfounded claims of brokers, is nevertheless equally applicable to any contract whereby one, whether an owner or not, employs another to effect a sale of real estate and agrees unconditionally to pay a stipulated sum for the performance of such services.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Woodruff & McClure, for Appellant.

S. M. Haskins, for Respondent.

SHAW, J.—At the time of the transaction both plaintiff and defendant were real estate brokers. The former seeks to recover from defendant a broker's commission upon an oral agreement for services rendered in effecting a sale of certain real estate, which agreement, it is alleged, was made with defendant as the agent and broker of Frances D. Kraemer and Frank White, each of whom, with defendant,

owned an undivided one-third interest in the property sold. It is alleged in the complaint "that in offering said property for sale the defendant was acting as the agent of said Frances D. Kraemer and of said Frank White as to the interest held by each of them in said property as aforesaid; that as such agent for said Frances D. Kraemer and said Frank White defendant entered into an oral agreement with plaintiff, wherein and whereby the defendant agreed to pay plaintiff a reasonable commission if plaintiff would effect a sale of the property hereinbefore described." It is further alleged that plaintiff effected a sale thereof, by reason whereof and by reason of said agreement there became due to him from the defendant a reasonable commission upon the price for which the property was sold.

Defendant interposed a general demurrer, and also demurred to the complaint specially, alleging as grounds therefor that the cause of action was barred by subdivision 6 of section 1624 of the Civil Code, and that the complaint was uncertain, in that it could not be ascertained whether the agreement was for the division of commissions between plaintiff and defendant, or whether the plaintiff was to receive the entire commission for the sale of the property. This demurrer was by the court overruled. Upon trial judgment was rendered in favor of plaintiff for a reasonable commission upon that portion of the sale price of the property other than that found to be owned by the defendant. Defendant appeals from the judgment, and from an order denying his motion for a new trial.

Section 1624 of the Civil Code provides in express terms that "an agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission" is "invalid unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged, or by his agent." While it is true, as said in *Gorham* v. *Heiman,* 90 Cal. 346, [27 Pac. 289], that said provision was "designed to protect owners of real estate against unfounded claims of brokers," it is, nevertheless, equally applicable to any contract whereby one, whether owner or not, employs another to effect a sale of real estate and agrees unconditionally to pay a stipulated sum for the performance of such services.

Conceding that the compensation recoverable by a broker for selling real estate is the subject of an oral contract between him and another, under which agreement the latter is to recover the commission for effecting the sale, nevertheless, a complaint, in order to state a cause of action upon such oral contract must allege that the one from whom it is sought to recover was by his principal authorized in writing to effect a sale. Therefore, in the absence of an allegation in the complaint showing some written memorandum signed by her, Kraemer could not be chargeable with the payment of a commission to defendant for effecting a sale of her interest in the property. Hence, there was no commission that could be the subject of an oral contract. While a pleading must be construed most strongly against the pleader, nothing appears in the complaint which by any stretch of the imagination could be construed as a memorandum or note subscribed by her and constituting an employment of defendant to make the sale of her interest, from which a promise to pay a reasonable or any commission to defendant could be implied. It is alleged that "in offering the property for sale defendant was *acting* as the agent of said Frances D. Kraemer," and "that as *such* agent "—that is, such *acting agent*—he entered into an oral agreement with plaintiff not to pay him what defendant might recover under a written employment signed by Kraemer for effecting a sale of her interest, but a reasonable commission for making a sale of the whole property. It would appear the complaint could not be otherwise drawn; for plaintiff himself testifies, "he (defendant) promised me $1250 commission for the selling of that piece of property (the whole) for $24,500." Assuming the words, "as agent," used in the complaint, as being *descriptio personae*, and that the contract was made in defendant's individual capacity, or considering it made on behalf of Kraemer, for whom it is alleged he was the acting agent, it charges him unconditionally in the one case and his principal in the other with the payment of compensation which, under subdivision 6 of section 1624, Code of Civil Procedure, cannot be recovered in the absence of a written memorandum or note of the agreement. None is alleged, and, therefore, the demurrer should have been sustained.

The judgment and order appealed from are reversed.

Allen, P. J., and Taggart, J., concurred.