[Civ. No. 553.   Second Appellate District.—February 12, 1909.]

# E. T. CASEY, Respondent, v. I. N. RICHARDS, Appellant.

BROKER'S COMMISSION—SALE OF REAL ESTATE—CONTRACT TO SHARE COMMISSIONS—SUPPORT OF FINDINGS—CONFLICTING EVIDENCE.—Where the agent of the owner of a tract of land, for the sale of which he was to receive a commission, contracted with the plaintiff to secure a purchaser for the land, and to share commissions, and plaintiff introduced a purchaser with whom the contract of sale was finally consummated, he is entitled to recover under the terms of the contract. *Held,* that findings for the plaintiff upon all issues joined by the defendant, were supported by the evidence of the plaintiff corroborated by the purchasing parties, notwithstanding conflicting evidence to the contrary.

ID.—PROVINCE OF TRIAL COURT.—It is the peculiar province of the trial court to determine the credibility of the witnesses, the weight of their testimony, and, where more than one inference of fact can be reasonably drawn from the evidence, to determine which inference of fact shall be made the basis of its judgment. So long as the findings of the trial court are supported by an inference which may be reasonably drawn from the evidence, it is of no avail to the appellant to urge that some other inference of fact may be deduced therefrom, although the better reason may seem to support it.

ID.—EVIDENCE—RESERVATION OF RULING—FAILURE TO RULE—ADMISSIBILITY OF EVIDENCE.—The admission of evidence with the reservation of a ruling upon an objection to its admission and a failure to rule thereon cannot be prejudicial when the evidence was clearly admissible.

ID.—PAROL EVIDENCE TO SHOW TERMS NOT APPEARING IN CONTRACT BETWEEN BROKERS.—Where it clearly appears that the broker making the contract with plaintiff to share his commissions was employed by the owner of the property, and terms referred to in the contract between them rested in parol, parol evidence for the plaintiff is admissible to show what terms were required to be complied with by him under the contract.

ID.—STATUTE OF FRAUDS—CONTRACT TO SHARE COMMISSION NOT REQUIRED TO BE IN WRITING.—The admission of such parol evidence to show the terms of the contract between the brokers to be complied with by the plaintiff, was not incompetent upon the ground that it was not in writing, as the contract of employment by an authorized broker of the plaintiff as an assistant under an agreement to share commission is not required to be in writing under the statute of frauds.

ID.—TERMS REQUIRED OF PLAINTIFF—LIMITATION OF SERVICES.—It does not defeat the contract to share commissions because the services

required to be rendered by the plaintiff to the purchasers found by him were to be limited to showing them how the investment would prove profitable to them, and the authorized agent of the owner was to contract to sell them the property. Under such an agreement it was not necessary that plaintiff should bring the other broker and the proposed purchaser together, or that he should have anything to do with the direct negotiations between seller and buyer in order to earn his share of the commissions. It is sufficient that he induced the purchasers to make the purchase.

ID.—ADMISSIBLE TESTIMONY TO PROVE COMPLIANCE WITH TERMS.— The testimony of the plaintiff and of one of the purchasing company was properly admitted to support the averment of the complaint as to the negotiations by which plaintiff induced such company to purchase the land from the defendant, and to establish that the purchase was the result of plaintiff's labors.

ID.—REOPENING OF CASE TO ALLOW FURTHER TESTIMONY—DISCRETION. The reopening of the case to allow further testimony on behalf of the plaintiff rested in the discretion of the court, which will not be interfered with, where it is not made to appear that this discretion was abused.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Stephens & Stephens, for Appellant.

Edward L. Payne, for Respondent.

TAGGART, J.—Action on a contract to recover share of commissions for sale of real estate by one real estate agent from another. Judgment was for plaintiff, and defendant appeals from the judgment and from an order denying his motion for a new trial.

Defendant was the agent of the owner of an eighty-acre tract of land lying near the city of Los Angeles, for the sale of which he was to receive a commission. Plaintiff undertook to procure a purchaser for the land, and as evidence of the compensation agreed to be paid for such services to be rendered by him defendant executed and delivered to plaintiff a writing as follows: "If the 80 acres is sold at $1650., amounting to $132,000., and the terms is complied to and the $44000 paid you are to have $1650.00 commission out of the deal.

I. N. Richards. Jan. 5, 1905." The terms to be complied with in earning the commission required the payment of $10,000 cash and $34,000 within ninety days.

The complaint alleges that plaintiff procured a purchaser for the property according to agreement, and sets out in detail certain negotiations had by him with the officers of the McCarthy Company, the purchaser, which were instrumental in making the sale. The answer admits the employment of plaintiff by defendant on the terms mentioned and the sale of the property by the owner to the McCarthy Company on February 19, 1906, through the agency of defendant, for the sum named, $132,000 on substantially the terms alleged by plaintiff, but denies that plaintiff was in any way instrumental in securing the McCarthy Company as a purchaser for the tract; and denies the performance by plaintiff of the acts alleged by him to have been done in inducing the McCarthy Company to buy said lands. Defendant alleges that the written promise of defendant to pay the $1650 was procured by plaintiff by fraud and that the contract created thereby was rescinded on January 8, 1906, and also that it was without consideration.

All the allegations of the complaint are found by the court to be true, except in respect to a mere clerical error in a date; and the allegations of fraud in the making of the contract and the rescission thereof by defendant, as well as the want of consideration, are negatived, as are practically all of defendant's allegations as to the details of the negotiations leading up to the sale of the property to the McCarthy Company. There is an express finding that the McCarthy Company was induced to make the purchase through the representations and negotiations with plaintiff and that the latter performed all the acts required of him to fully complete his services under the contract, and was entitled to judgment for the $1650 and costs.

The principal reason urged for a reversal of the judgment is that the evidence is insufficient to sustain the findings and decision. The twenty-two specifications of insufficiency assign *seriatim* each of the findings as "contrary to the evidence," beginning with the general finding, that all the allegations of the complaint are true, and concluding with the finding that no part of the $1650 has been paid. A sufficient reply to this is that in the testimony of the plaintiff and his

witnesses, particularly that of the two McCarthys, there is evidence to sustain all these findings. The testimony of the plaintiff and defendant was in conflict as to most of the details of the transaction, and in that of the former there are some inconsistencies, but the trial court accepted as true such portions as it believed entitled to credit and based its findings on these. The cross-examination of the plaintiff discloses that his hearing was imperfect, and the trial court may have attributed any differences in his testimony to this. The case is a forceful illustration of the wisdom of the rule which leaves to the trial court all questions as to the credibility of witnesses, the weight of their testimony, and the determination of which inference of fact, if more than one can be reasonably drawn from the evidence, shall be made the basis of the judgment in the case. It would be impossible for an appellate court to determine whether the cross-examination of the plaintiff, where the discrepancies appear, was so conducted as to elicit the plaintiff's views as he intended to express them or not. The record discloses that during a portion of the time at least the minds of counsel for defendant and that of plaintiff did not meet. So long as the findings of the trial court are supported by an inference which may be reasonably drawn from the evidence, it is of no avail to an appellant to present for the consideration of this court some other inference of fact which may also be deduced therefrom. It matters not that it may be made to appear to this court that the better reason supports the inference of appellant.

It does not defeat the right of plaintiff to recover because his services were limited to inducing the McCarthy Company to purchase, by showing to its members how the investment would prove profitable, while the direct negotiations were left to the defendant. In the language of plaintiff quoted in appellant's brief appears a complete statement of the division of labor between Richards and plaintiff in making the sale: "I was to show McCarthy Company how they were to make a quarter of a million dollars out of the property. And Richards was to sell the property to McCarthy. He was to negotiate with the McCarthy Company." Under such an agreement it was not necessary that plaintiff should either bring Richards and McCarthy together, or that he should have anything to do with the direct negotiations between

seller and buyer in order to earn his commissions. He induced McCarthy to make the purchase, the court so finds, and the evidence sustains the finding.

Errors of law occurring during the trial are also made a ground of the motion for a new trial. The objections to the testimony of plaintiff in explanation of the meaning of the clause, "if the terms is complied to," were properly overruled. It is not clear from the record whether two of the three rulings of the trial court upon the objections of defendant to this testimony were made or reserved. Error is assigned in both ways: in overruling the objection, and by way of irregularity of the court in reserving the ruling and not subsequently disposing of the objection. It is apparent that no injury was done appellant by reserving the ruling and failing to act upon it, if the evidence was admissible. According to plaintiff's testimony, which was not contradicted, there was no other writing, or written contract, expressing in detail the terms which were required to be complied with. That there were terms to be complied with which did not appear in the memorandum pleaded is expressly stated by that writing, and it was proper to show the parol terms to which the language referred. This was not incompetent upon the ground that it was not in writing, as the contract of employment itself is not one required to be in writing. (*Gorham* v. *Heiman,* 90 Cal. 346, [27 Pac. 289].) The writing introduced does not purport to be anything but a memorandum and is only pleaded as such, and the terms of the contract rest in parol. In the case of *Aldis* v. *Schleicher,* 9 Cal. App. 372, [99 Pac. 426], cited by appellant, the complaint was held to be insufficient because it did not allege that the employing real estate agent, who was defendant in the action, either had received, or was entitled to recover from the seller, the commission, for a share of which the plaintiff was suing. The relations between the defendant and the seller in that case were executory, and there was no allegation that the defendant had received his commission from the owner, and there had been no payment of the commission to the defendant, as in the case at bar. It was there held that in the absence of any allegation of written authority to sell, or any other form of enforceable obligation upon the part of the owner to pay a commission to the defendant, the plaintiff was not entitled to recover. In other words, that

until it was shown, either that the defendant had received a commission, or was legally entitled to recover one from the owner, there was no commission in which the plaintiff could share.

The testimony of plaintiff and J. P. McCarthy in regard to the sale and purchase of lots by plaintiff was properly admitted in support of the allegation of the complaint as to the negotiations by which plaintiff induced the McCarthy Company to purchase the land from the defendant, and to establish that the purchase was the result of plaintiff's labors. The reopening of the case to allow further testimony on behalf of the plaintiff rested in the discretion of the trial court. It is not made to appear that this discretion was abused. We find no prejudicial error in the record.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.