[Civ. No. 707.   Second Appellate District.—February 3, 1910.]

## J. T. SAUNDERS, Respondent, v. JOHN E. YOAKUM, Appellant.

REAL ESTATE BROKERS—ORAL CONTRACT TO SHARE COMMISSIONS—STATUTE OF FRAUDS.—An oral agreement between real estate brokers to share commissions on the sale of real estate as to which one of them has a valid contract in writing is not within the statute of frauds, and where it is made to secure the co-operation of both in effecting a sale, a recovery can be had upon such oral agreement.

ID.—VALID ORAL AGREEMENT PRESUPPOSES A VALID CONTRACT FOR COMMISSIONS.—The validity of a subsequent oral agreement to share commissions presupposes that a valid contract for commissions is existent, a division of which could be the subject of subsequent oral agreement.

ID.—CONFLICTING EVIDENCE AS TO ORAL AGREEMENT—SUPPORT OF FINDING.—Where the evidence is conflicting as to the existence of the oral agreement, and there is evidence sustaining the finding as to the fact of such agreement, under the well-established rule the finding for plaintiff will not be disturbed.

ID.—PART PAYMENT.—The fact that the broker having the written contract subsequently gave plaintiff one-half of the agreed sum on account of his influence in effecting the sale would not have the effect to impair the agreement made between them, nor to relieve the defendant from his obligation to pay to plaintiff a reasonable compensation for his services in assisting defendant to earn the commission.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. W. H. Jamison, Judge.

The facts are stated in the opinion of the court.

Jones & Weller, for Appellant.

John W. Shenk, and E. R. Young, for Respondent.

ALLEN, P. J.—This is an appeal from a judgment and an order denying a new trial.

The action was one brought by a broker to recover from another broker commissions earned in a sale of real estate.

The court finds that one Edwards, under written authority, was constituted the agent of the owner for the sale of a certain tract of land, and in such authorization it was agreed that he was to receive the sum of $2,400 as commission in the event of a sale; that thereafter Edwards verbally agreed with defendant that if he would effect a sale of the property he would divide the commissions with him; that thereafter defendant agreed with plaintiff that if he would procure a purchaser for any or all of the property he would pay to the plaintiff a commission in the event of a sale; that thereupon plaintiff procured parties to purchase a two-thirds interest in the premises, and defendant himself purchased a one-third interest therein and the property was conveyed to the purchasers by the owner; that the defendant in such purchase received the benefit of $1,200, one-half of the commission so agreed to be paid to him by Edwards; that defendant refused to pay to plaintiff any portion of the commission so earned. The court finds that the value of the services rendered by plaintiff to defendant in and about the sale was the sum of $400, for which amount judgment was rendered.

It is appellant's contention that under these facts no recovery could be had, for the reason that no memorandum in writing was entered into between the plaintiff and defendant with relation to the commission which he was to receive. It is determined in *Gorham* v. *Heiman,* 90 Cal. 358, [27 Pac. 289], that section 1624 of the Civil Code does not extend to agreements between brokers to co-operate in making sales for a share of the commission, and that recovery can be had in such cases where only an oral agreement is established. This, however, presupposes that a valid contract for commissions is existent, a division of which could be subject of subsequent oral agreement. (*Aldis* v. *Schleicher,* 9 Cal. App. 374, [99 Pac. 526].)

Appellant further contends that there is no evidence to sustain the finding of the trial court that defendant requested plaintiff to procure purchasers and agreed to pay a commission therefor. There is testimony in the record that defendant stated to a witness that he had agreed to pay plaintiff a commission for his influence in helping to get parties to buy this property. It is true there is some conflict upon this point, but, under the well-established rule the finding will not

be disturbed. The fact that Edwards subsequently volun-
tarily gave Saunders $400 on account of his influence in
connection with the deal would not have the effect to impair
the agreement between plaintiff and defendant, nor to relieve
defendant from his obligation to pay to plaintiff a reasonable
compensation for his services in assisting defendant to earn
the commission.

We find no error in the record, and the judgment and order
are affirmed.

Shaw, J., and Taggart, J., concurred.