[Civ. No. 805.  Second Appellate District.—August 30, 1910.]

J. M. BAKER, Respondent, v. A. C. THOMPSON, Appellant.

REAL ESTATE BROKERS—ORAL AGREEMENT TO SHARE COMMISSIONS.—A valid oral agreement may be made between real estate brokers to share their commissions upon the sale of land for the owner, regardless of which broker may be instrumental in obtaining a purchaser for the land.

ID.—OBJECT OF STATUTE OF FRAUDS.—The object of the statute of frauds embodied in section 1624 of the Civil Code, requiring a written agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or upon commission to be signed by the party to be charged, is only to protect owners of real estate against unfounded claims of brokers; and that statute has no application to an agreement between brokers to divide commissions received for the sale or purchase of real estate.

APPEAL from a judgment of the Superior Court of Los Angeles County.  W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

V. L. Ward, for Appellant.

E. A. Miller, and Anderson & Anderson, for Respondent.

SHAW, J.—Action upon an oral contract by one real estate agent against another to recover share of commissions for sale of land.  Judgment was for plaintiff and defendant appeals therefrom upon the judgment-roll alone, his sole contention being that the complaint fails to state a cause of action.

As set forth in the complaint, Baker & Lewis, the assignors of plaintiff, having obtained from the owner thereof the agency for the sale of a certain tract of land, entered into an oral contract with defendant, whereby it was agreed that the firm of Baker & Lewis and defendant should each endeavor to effect a sale of the property, and that in the event of a sale being made by either party the commission received therefor should be equally divided between said firm and defendant; that defendant, on behalf of all said parties, did bring about a sale of the property and did receive from the

seller $1,170 as commission therefor, but declined and refused to share the same or any part thereof with said firm of Baker & Lewis. While the complaint contains other allegations, the foregoing are sufficient to illustrate the point urged as ground for reversal.

Appellant invokes the provisions of section 1624, Civil Code, and insists that as the agreement was not in writing, nor any memorandum or note thereof made and subscribed by the party to be charged, it is therefore void. The point is wholly without merit. The agreement had no reference either to the purchase or sale of real estate for compensation or otherwise, but related solely and alone to the commission which might be received by either party for effecting a sale. As said by Chief Justice Beatty, in discussing the effect of said section 1624, in *Gorham* v. *Heiman,* 90 Cal., at page 358, [27 Pac. 292] : "But clearly that provision was only designed to protect owners of real estate against unfounded claims of brokers. It does not extend to agreements between brokers to co-operate in making sales for a share of the commissions." In our judgment, section 1624, Civil Code, has no application to an agreement made between brokers for a division of commissions received for the sale or purchase of real estate. (*Casey* v. *Richards,* 10 Cal. App. 57, [101 Pac. 36] ; *Saunders* v. *Yoakum,* 12 Cal. App. 543, [107 Pac. 1007].)

The judgment is affirmed.

Allen, P. J., and James, J., concurred.