[Civ. No. 1115.   First Appellate District.—February 5, 1913.]

D. W. JOHNSTON, Respondent, v. WARREN R. PORTER et al., Defendants; J. J. MOREY, Defendant and Appellant.

BROKERS—ACTION BETWEEN FOR COMMISSIONS—CONFLICTING EVIDENCE. In an action by one broker against another broker to recover commissions, it being alleged that the two had co-operated in making a sale of real estate, a verdict and judgment for the plaintiff, based on conflicting evidence, will not be disturbed on appeal.

ID.—CONTRACT TO SHARE COMMISSIONS—STATUTE OF FRAUDS.—The statute requiring contracts employing a broker to sell real estate to be in writing does not apply to contracts between brokers co-operating in the sale of real property and agreeing to share commissions earned as the result of such sale.

ID.—VALIDITY OF CONTRACT WITH PRINCIPAL NOT MATERIAL.—It is immaterial, in an action by one real estate broker against another for commissions in procuring a purchaser, that the defendant broker, who has received commissions from the owner for making the sale, had no valid contract with the owner.

ID.—ABSENCE OF EXPRESS CONTRACT — REASONABLE COMPENSATION.— Where one broker co-operates with another broker in making a sale, the law impliedly fixes a reasonable sum as his commissions, in the absence of an express contract between them.

ID.—AMOUNT OF COMMISSION—REVIEW ON APPEAL.—Where one broker procures a purchaser of real estate for another broker, without having an express agreement for compensation, and afterward sues him

21 Cal. App.—7.

to recover commissions therefor, a verdict and judgment awarding him two-thirds of the amount received by the other broker from the principal will not be disturbed on appeal as excessive, if the record is not barren of evidence to support it.

ID.—APPEAL—EVIDENCE NOT OBJECTED TO AT TRIAL.—If no objection was made to the admission of alleged "hearsay and self-serving" testimony at the trial, an appellant will not be heard to complain thereof.

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order refusing a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

H. A. van C. Torchiana, W. P. Netherton, and Stratton, Kaufman & Torchiana, for Appellant.

Chas. M. Cassin, for Respondent.

LENNON, P. J.—This action was instituted for the recovery of a realty broker's commission claimed to be due to the plaintiff under the terms of an oral contract alleged to have been entered into between the plaintiff and the defendant Morey, whereby it was agreed that if the plaintiff would procure a purchaser for certain real property the defendant Morey would pay to the plaintiff a reasonable commission for his services in procuring such purchaser.

The facts of the case, as revealed by the pleadings and the proof, are these: One Anzer and wife were the owners of three thousand four hundred acres of land known as the "Aroma Ranch," situated in the county of Santa Cruz. On September 29, 1909, they entered into an agreement with one R. P. Quinn, whereby he was appointed the exclusive agent for the term of two years for the purpose of making a sale of the ranch. Quinn was authorized to sell the property for ninety-five thousand dollars, and, in the event of a sale, he was to receive as his commission for his services the sum of $4,750, or five per cent of any amount which might be agreed upon and accepted as the purchase price of the property. Quinn did not succeed in personally procuring a purchaser for the property, and on the twelfth day of October, 1909, he assigned a one-half interest in this contract to the defendant Morey.

The consideration for the assignment was stated to be the sum of three hundred dollars; and it was expressly conditioned therein that Morey upon a sale of the property should be repaid the three hundred dollars paid by him to Quinn as a consideration for the assignment, and that the commissions to be paid to Quinn in the event of the sale of the property, as provided in the original contract between Quinn and the Anzers, should be divided equally between the defendant Morey and Quinn. The assignment further provided that "in the event of either of said parties (Quinn or Morey) making said . . . sale through other parties or brokers, the commission of said broker or brokers or parties making said . . . sale must first be paid, and the balance of the commissions then divided equally between said parties."

The plaintiff was engaged in the business of a real estate broker. Through the introduction of a friend of his, a Mr. Brooke, the plaintiff came in contact with a Mr. Luther, who was desirous of purchasing eucalyptus land. The plaintiff having knowledge of the Anzer property, its location and the uses to which it could be put, gave Mr. Brooke, upon behalf of Mr. Luther, a letter addressed to a Mr. White, a real estate agent in Watsonville, and another letter addressed to Mr. Porter, a banker of Watsonville, who was named as one of the defendants to the action. On the following day the plaintiff went to Watsonville in response to a telephone message from Mr. Luther, who said that he had seen the Anzer property, and liked it very much, but that he was unable to ascertain who had the property for sale. The plaintiff thereupon said that he would introduce Luther to the proper parties. While in Watsonville, plaintiff saw Mr. Porter, and informed him that he had a man who wished to purchase the Anzer property. In reply Mr. Johnston said, "Let's go and see Johnny," meaning defendant Morey; whereupon plaintiff and Porter called upon defendant Morey and informed him that plaintiff had a purchaser for the Anzer property. Morey replied that plaintiff had come to the right place as he, Morey, was the only man who had the sale of the Anzer ranch. At this time the plaintiff announced that he was interested in the matter of his commissions in the event of a sale, whereupon, according to the testimony of the plaintiff, Porter said to the defendant Morey, "Johnny, you protect D. W. (the plaintiff) on his

commissions," and Morey replied, "I will do so." The plaintiff then introduced Mr. Luther to the defendant Morey, and after some conversation concerning the character of the property, and the amount to be paid on the purchase price thereof, the plaintiff expressed the hope that an agreement of sale could be reached, and then departed for his home. The following day plaintiff received a letter from Mr. Luther, stating that he would leave Watsonville and seek land elsewhere if negotiations for the Anzer property did not make more progress. The letter requested plaintiff to use his influence on Morey. The plaintiff mailed this letter to Morey, and in addition wrote to him as follows: "Dear Mr. Morey—If the within letter interests you I would advise you to act at once as it explains itself." Thereafter, and as a result of plaintiff's efforts the Anzer property was sold to Mr. Luther for ninety thousand dollars, out of which a commission of four thousand five hundred dollars was paid to Quinn, who in turn paid one-half thereof to the defendant Morey. Thereupon the defendant Morey inclosed his personal check for two hundred and fifty dollars in a letter addressed to the plaintiff, of which the following is a copy:

"WATSONVILLE, Cal., March 2, 1910.

"MR. D. W. JOHNSTON, Santa Cruz, Cal.

"My Dear Sir: I am enclosing herein my personal check for $250. The matter that was brought up through your introduction a short time ago has been closed, and I trust that this will reimburse you for your time. I am, truly yours,

"J. J. MOREY."

Plaintiff refused to accept this check in payment of his commission, and brought this suit for the recovery of the sum of four thousand five hundred dollars, which he alleged was the reasonable value of his services.

From the foregoing statement of facts it will be seen that the defendant Morey was not the owner of the property sold, and that the action is one for the recovery by one real estate broker from another of a commission alleged to be due under the terms of an oral contract between broker and broker.

The case was tried with a jury; the plaintiff was nonsuited as to all of the defendants except Morey, and as against him the jury returned a verdict in favor of the plaintiff in the sum of two thousand dollars. Judgment for the plaintiff was

entered accordingly. The trial court, however, deeming the amount of the verdict and judgment excessive, denied the defendant Morey's motion for a new trial upon the express condition that plaintiff remit the sum of five hundred dollars from the amount of the verdict and judgment as originally rendered and entered. The plaintiff complied with this condition, and thereupon the lower court made and entered an order that the judgment be reduced to the sum of one thousand five hundred dollars.

From the judgment as modified and from the order denying a new trial the defendant Morey has appealed.

In support of his appeal he urges that his motion for a nonsuit should have been granted because it was not shown upon the plaintiff's case nor at all—

(1) That the defendant was authorized in writing by the owners of the property to sell the same;

(2) That the contract for the commission sued for between plaintiff and defendant was in writing.

In addition the defendant contends for a new trial upon the ground that the evidence does not support the verdict and judgment in this that the evidence as to what was said and done by plaintiff, Morey, and Porter does not show a meeting of minds between plaintiff and defendant Morey sufficient to create the contract alleged and sued on.

In support of the latter contention the defendant relies upon a conflict in the evidence raised by the testimony of Mr. Porter, who was called as a witness for the defendant in an effort to rebut the testimony of plaintiff as to what was said and done at the meeting of plaintiff, Morey, and Porter. This conflict in the evidence is slight and immaterial; but even if it was pronounced and pertinent it would be a matter solely for the jury to determine. The testimony of the plaintiff, if believed by the jury, was sufficient to support the finding implied from their verdict that the plaintiff and defendant entered into the contract sued on, and, therefore, notwithstanding any real or apparent conflict in the evidence it cannot be said that the verdict and judgment upon this phase of the case are not supported by the evidence.

Defendant's motion for a nonsuit was properly denied. The contract sued on does not fall within the inhibition of the statute of frauds.

Subdivision 6 of section 1624 of the Civil Code, which declares an agreement authorizing or employing an agent or broker to sell real estate for a compensation or commission to be invalid unless reduced to writing was designed only for the protection of real estate owners against the unfounded claims of brokers; and it was never intended to be applied to contracts between brokers co-operating in the sale of real property and agreeing to share commissions earned as a result of such sale. (*Gorham* v. *Heiman,* 90 Cal. 346, [27 Pac. 289]; *Casey* v. *Richards,* 10 Cal. App. 57, [101 Pac. 36]; *Baker* v. *Thompson,* 14 Cal. App. 175, [111 Pac. 373].)

Upon this phase of the case the defendant contends that it was essential to the success of plaintiff's action on the contract between plaintiff and defendant that plaintiff allege and prove the existence of a prior valid contract which could have been enforced by the defendant for the payment to him of a commission for procuring a purchaser of the property in question, out of which in turn a commission could be paid by the defendant to plaintiff for his services. In other words, it is defendant's contention that until it was shown that the defendant was entitled under a valid contract to a commission for the services which he rendered in negotiating this sale, there was legally no fund out of which plaintiff could be paid a commission, notwithstanding the fact that the defendant had actually received his commission from Quinn.

Assuming, without conceding, this contention to be correct, the plaintiff's pleadings and proof met the requirements of the contention. The assignment from Quinn, the only authorized agent of the Anzers, to the defendant Morey is, when read and construed in its entirety, nothing more nor less than an agreement to employ the defendant Morey as the agent of Quinn for the purpose of co-operating in the procurement of a purchaser for the property of the Anzers. By this assignment Quinn agreed to share his commissions with Morey in the event of either procuring a purchaser for the property; and while it may be true that Morey's contract with Quinn would not have supported an action by Morey for his commissions against the Anzers, nevertheless it is obvious that such contract could have been enforced against Quinn if he had refused to pay Morey the commissions therein agreed upon. However that may be, it is an undisputed fact in the

case that Quinn, in keeping with his contract, did pay to Morey the commissions agreed upon; and it follows that there was in existence a fund out of which Morey could have paid the commission which the jury found he had agreed to pay to the plaintiff.

The two cases of *Aldis* v. *Schleicher,* 9 Cal. App. 372, [99 Pac. 526], and *Saunders* v. *Yoakum,* 12 Cal. App. 543, [107 Pac. 1007], are not inconsistent with the views here expressed.

The first of these cases was an action to recover from the defendant herein a broker's commission upon an oral agreement for services rendered in effecting a sale of real estate, which agreement, it was alleged, was made with the defendant as the agent and broker of the parties who, with the defendant, were the owners of the real estate. The scope and effect of the opinion in that case was construed in the same court in the subsequent case of *Casey* v. *Richards,* 10 Cal. App. 57, [101 Pac. 36]. The latter case was also an action by one real estate agent against another upon an oral contract for the recovery of a broker's commission alleged to have been earned in procuring a purchaser for real estate; and in construing the opinion in *Aldis* v. *Schleicher,* the court said that the complaint in that case "was held to be sufficient because it did not allege that the employing real estate agent, who was defendant in the action, ever had received or was entitled to recover from the seller the commission for a share of which the plaintiff was suing. . . . In other words, until it was shown either that the defendant had received a commission, or was legally entitled to recover one from the owner, there was no commission in which the plaintiff could share."

In the present case, plaintiff's complaint alleged—and it was not disputed at the trial—that the defendant had received the commission out of which in turn plaintiff's commission was to be paid; and therefore it cannot be said that plaintiff's pleadings and proof do not show the existence of a commission which could be the subject of an oral contract.

Complaint is made that the testimony of Brooke, a witness for the plaintiff, was "hearsay and self-serving"; but counsel for the defendant has not favored us with a reference to the transcript in this connection. However, upon examination of the transcript we do not find that counsel for the defendant interposed any objection to the testimony of this

witness, and therefore he will not be heard to complain here of the admission of such testimony.

Finally it is contended upon behalf of the defendant that the amount of the verdict and judgment is grossly excessive, and not wholly supported by the evidence.

In the absence of an express agreement as to the compensation which should be paid plaintiff for his services the law impliedly fixes a reasonable sum as his commission. While we are strongly of opinion, as apparently the trial court was, that the jury was extremely liberal in its allowance to the plaintiff, yet we are not prepared to say that the record is barren of competent evidence to support the judgment as reduced and finally entered for one thousand five hundred dollars, which is exactly two-thirds of the two thousand two hundred and fifty dollars, which defendant received as his share of the commissions from Quinn. In this behalf the record shows the uncontradicted testimony of the plaintiff and one other witness to be that it was the custom in the vicinity where the contract in suit and the sale in question were made, in the absence of an express agreement providing otherwise, to pay the broker who procures a purchaser of real estate for another broker from one-half to two-thirds of the commission received from the owner of the property. This testimony was not rebutted or attempted to be rebutted by the defendant, and we must assume, therefore, that its correctness was conceded by the defendant at the trial. However that may be, the evidence offered and received upon the plaintiff's case as to what was a reasonable commission to be paid him as compensation for his services, standing as it does unimpeached and undisputed, is sufficient to support the judgment as finally entered; and therefore we are powerless to set it aside or further modify it, notwithstanding the fact that it may be contrary to our individual impressions as to what was the reasonable value of plaintiff's services.

The judgment and order appealed from are affirmed.

Hall, J., and Murphey, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 5, 1913.