[Civ. No. 1628. First Appellate District.—March 3, 1916.]

## C. A. JENKINS, Respondent, v. LOCKE–PADDON COMPANY (a Corporation), Appellant.

BROKERS—CONTRACT TO SHARE COMMISSIONS—STATUTE OF FRAUDS.— The statute requiring contracts employing a broker to sell real estate to be in writing is not applicable to an agreement by one real estate agent to share with another agent the former's profit or advantage as the result of a sale or exchange of the properties of their principals, in the form of a fixed per centum on the valuation of the land taken by the principal of the latter in course of the exchange.

ID.—CONSTRUCTION OF TERM "COMMISSION."—The term "commission" should be given a broader meaning than merely that of a per centum valuation on the services of either agent; and, if it is made to appear that the first agent, by virtue of whatever understanding he may have with his principal, is to derive a definite advantage in the way of a material profit from the sale or exchange of his principal's property, and that such agent does derive such advantage from a transaction brought about through the co-operation and services of such second agent, as the result of an oral agreement between them, the statute of frauds is inapplicable, and the former must account to the latter therefor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a motion for a nonsuit. Marcel E. Cerf, Judge.

The facts are stated in the opinion of the court.

J. L. Smith, for Appellant.

Norman A. Eisner, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in plaintiff's favor for the sum of $450 alleged to be due from the defendant as a commission in a transaction involving the exchange of real properties; and from an order denying a motion for a nonsuit.

The complaint alleges in substance that both plaintiff and defendant are real estate agents; that the defendant as such agent had for sale or exchange certain property near Woodland known as the "Hollingsworth tract"; that the plaintiff knew of a man named Gibney who had certain real estate in Stockton which he would exchange for country property, and, with this knowledge, went to the defendant with a view to bringing about such an exchange; and it was then agreed between them that if the plaintiff would arrange for an exchange of the property of said Gibney for lots in the Hollingsworth tract the defendant would share with plaintiff its commission on said exchange, and pay plaintiff ten per cent on the value of the land so taken by Gibney in such exchange; that said exchange was negotiated by the plaintiff and that the same was fully consummated, but that the defendant had failed and refused to pay said commission due thereon.

The answer admitted that the defendant was a corporation, and that the parties were each real estate agents, but otherwise denied all the other averments of the complaint.

Upon the trial of the cause the testimony of the plaintiff and of Mr. Charles L. Paddon, the secretary of the defendant, and one of its officials with whom the plaintiff chiefly dealt in the premises, was sharply in conflict as to most of the matters involved in the agreement and leading up to the exchange; but the jury apparently resolved these conflicts in favor of the plaintiff and rendered its verdict accordingly.

A careful reading of the testimony satisfies us that the following facts may fairly be educed therefrom: The defendant Locke-Paddon Company was a corporation engaged in the business of selling real estate. There was also another corporation known as the "Small Farms Improvement Company," which was also engaged in handling real estate, having its office in the same rooms with the Locke-Paddon Company. The two companies were so closely interrelated that the president and secretary of the one was also president and secretary of the other, and the stockholders of each were largely, although not wholly, the same; the relation of these two corporations was in fact so intimate that neither charged the other commissions on any sales or exchanges which either might negotiate on behalf of the other, but received the reward or advantage of such co-operation in the profits accruing therefrom to those mutually interested as officers and stockholders of both corporations. According to Mr. Paddon, the president and secretary were the controlling spirits of both corporations, and the Locke-Paddon Company was the managing agent of the Small Farms Improvement Company, which owned the Hollingsworth tract and had placed it with the Locke-Paddon Company for sale or exchange. The plaintiff, having seen an advertisement soliciting exchanges for lots in the Hollingsworth tract, went to the office of the defendant and there met Mr. Charles L. Paddon, its secretary, and informed him that he had two parties with whom he thought he could negotiate an exchange. Mr. Paddon showed him the map of the Hollingsworth tract, and told him that if he could arrange for an exchange with either of his parties there would be ten per cent for him on whatever his customer took in value. The plaintiff testified that his understanding from the first interview, and from a later one in which the matter of his taking his commission in the form of lots was discussed, was that such commission was a part of whatever commission or advantage the defendant would derive from the exchange. After the first interview the plaintiff interested Mr. Gibney in the proposition, and brought him in touch with the defendant, which, through its secretary, Mr. Paddon, undertook to close the deal with Mr. Gibney personally. The plaintiff held a number of later interviews with the defendant, in which for some time he was led to believe that the negotiations with Mr. Gibney had fallen through, but later learned that the

transaction had actually been consummated with Gibney and along the lines of his initial proposition to him. Upon learning this fact the plaintiff went to the secretary of the defendant who, while finally admitting that the exchange had been made, refused to allow or pay the plaintiff's commission. Hence this suit.

The first contention of the appellant is that its motion for nonsuit should have been granted because of an asserted variance between the plaintiff's pleadings and his proof. Appellant, in making this contention, concedes that the complaint alleges an agreement by one real estate agent to share with another real estate agent its profit or advantage as the result of a sale or exchange of the properties of their principals; but the appellant contends that the evidence shows merely an agreement to pay the plaintiff a percentage commission on the transaction; and, in this connection, the appellant also contends that such a contract as it claims the evidence discloses must have been made in writing in order to satisfy the statute of frauds; and that since the only proof tendered by the plaintiff was of an oral agreement the nonsuit should have been granted upon that ground also. These contentions at the last analysis reduce themselves to the single question as to whether the evidence sustains the averments of the plaintiff's complaint, that if he would arrange an exchange of a portion of such properties for certain property of Mr. Gibney it would share with plaintiff its commissions on the consummation of such exchange, which share thereof was fixed at ten per cent on the valuation of the lots taken by Gibney in the course of such exchange.

Upon this aspect of the case we are of the opinion that the evidence is sufficient to sustain the verdict of the jury in plaintiff's favor. Such verdict was evidently predicated upon the following instruction given by the court: "Under the terms of the contract sued upon the plaintiff is entitled to recover a judgment if you find that all of the following are facts; and if any one of these elements is wanting then your verdict should be for the defendant:

"1. That the contract referred to in the complaint was actually made by the defendant and the plaintiff;

"2. That an exchange of the property was actually consummated by the plaintiff in accordance with the terms of that contract;

"3. That the defendant was interested otherwise than as owner in the exchange which was consummated, and was to receive some advantage from the owner of such tract upon the consummation of the exchange, and did receive such advantage, and that the 10% referred to in this action is a part of the advantage so to have been received by the defendant.

"You are further instructed that while a parol agreement by the owner of real property to pay an agent a commission for the sale of real property is not valid because it rests in parol, nevertheless an agreement by one person to share his advantage on a sale of real estate with another person, though not in writing, is valid; and if you find that some advantage was to be derived to this defendant from the exchange, and that the defendant was to share its advantage with plaintiff, and that plaintiff consummated the exchange, and that defendant actually received some advantage from the exchange, the verdict should be for the plaintiff."

In the case of *Gorham* v. *Heiman,* 90 Cal. 346, [27 Pac. 289], it was held that the provisions of subdivision 6 of section 1624 of the Civil Code were designed to protect owners of real estate against unfounded claims of brokers; that it did not extend to agreements between brokers to co-operate in making sales for a share of the commissions. The rule as thus stated has been approved and applied by this court in the later cases of *Casey* v. *Richards,* 10 Cal. App. 57, [101 Pac. 36]; *Saunders* v. *Yoakum,* 12 Cal. App. 543, [107 Pac. 1007]; *Baker* v. *Thompson,* 14 Cal. App. 175, [111 Pac. 373], and *Johnston* v. *Porter,* 21 Cal. App. 97, [131 Pac. 69].

In the case of *Aldis* v. *Schleicher,* 9 Cal. App. 372, [99 Pac. 526], however, it was held that the provisions of subdivision 6 of section 1624 of the Civil Code were applicable to agreements between agents for the sale or exchange of the properties of others when the contract was an unconditional agreement to pay a stipulated sum for the performance of the agreed services of the second agent regardless of whether the first agent had a valid contract for the sale of the property by the terms of which he was to receive a commission. The case of *Saunders* v. *Yoakum,* 12 Cal. App. 543, [107 Pac. 1007], followed the doctrine thus stated in the Aldis case. In the case of *Johnston* v. *Porter,* 21 Cal. App. 97, [131 Pac. 69], this court distinguished the cases of *Aldis* v. *Schleicher,* 9 Cal. App. 372 [99 Pac. 526], and *Saunders* v. *Yoakum,*

12 Cal. App. 543, [107 Pac. 1007], from the case then at bar, to the extent of holding that when it appeared that at the time the action was begun there had actually been received by the first agent a fund in the nature of a commission in which the plaintiff could be awarded a share, it was immaterial what sort of a contract, valid or otherwise, the first agent had with his principal, the owner of the property.

In the endeavor to harmonize these cases, and apply their principles to agreements between real estate agents affecting the sale or exchange of the properties of their respective clients, and particularly to the facts of the case before us, it would seem that the term "commission" should be given a broader meaning than merely that of a percentum valuation on the services of either agent; and that if it is made to appear that the first agent, by virtue of whatever understanding he may have with his principal, is to derive a definite advantage in the way of a material profit from the sale or exchange of his principal's property, and that such agent does derive such advantage from a transaction brought about through the co-operation and services of the second agent, as the result of an oral agreement between them, the former must account to the latter therefor; and a case is thus presented to which the above-named provision of the statute of frauds has no application. Such is the case at bar. The above-quoted instruction of the court was evidently framed upon this theory, and we think it correctly phrased and stated the law applicable to this class of cases. We are also of the opinion that the jury was warranted in finding from the facts before it, and particularly from the evasions of the secretary of the defendant touching the real relation between the two corporations in question, that the plaintiff was entitled to recover the amount of his claim.

From this view of the case it follows that the instruction above quoted was properly given, and that the instructions asked by the defendant were properly refused.

This disposes of the appellant's several contentions.

The judgment and order are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.