(April 28, 1922.)

J. F. PHY and HENRY T. HILL, Appellants, v. F. M.
SELBY and J. E. EDGERTON, Respondents.

[207 Pac. 1077.]

C. S., SEC. 7979—SALE OF REAL ESTATE—LIABILITY FOR COMMISSION—
ORAL CONTRACT—CONTRACT OF OWNER—CONTRACT BETWEEN BROK-
ERS—COMPLAINT—SPECIAL DEMURRER—UNCERTAINTY—JOINDER OF
INCONSISTENT CAUSES OF ACTION.

1. C. S., sec. 7979, applies to a contract between the owner
of real estate and a broker, and not to a contract between two
brokers, one of whom is employed by the other to assist him.

2. Where a complaint attempts to state in one count a cause
of action on an express contract, one on *quantum meruit,* and
one for money had and received, a special demurrer for uncer-
tainty is properly sustained.

3. In this case the cause of action for money had and re-
ceived is inconsistent with, and cannot be joined with, the one
on an express contract or the one on *quantum meruit.*

APPEAL from the District Court of the Fourth Judicial
District, for Camas County. Hon. H. F. Ensign, Judge.

Action to recover commission on sale of real estate.
Judgment for defendant, following sustaining of demurrer
and refusal of plaintiff to plead further. *Affirmed.*

Paul S. Haddock, for Appellants.

The provision that an agreement employing an agent or
broker to purchase or sell real estate for a commission is
invalid unless there be some note or memorandum in writ-
ing and subscribed to by the party to be charged therewith
or by his agent was only designed to protect owners against
unfounded claims of brokers, and would not apply to a
contract between brokers by which the principal broker con-
tracted to pay his assistant a specified sum for services ren-
dered in making sales. (*Hageman v. O'Brien,* 24 Cal. 270,
141 Pac. 33; 23 Am. & Eng. Ency., 2d ed., 929; 9 Corpus
Juris, 583–585; *Casey v. Richards,* 10 Cal. App. 57, 101

Pac. 36; *Baker v. Thompson,* 14 Cal. App. 175, 111 Pac. 373; *Gorham v. Heiman,* 90 Cal. 346, 27 Pac. 289; *Saunders v. Yoakum,* 12 Cal. App. 543, 107 Pac. 1007; *Kincart v. Shambrook,* 64 Or. 27, 128 Pac. 1003; *Friedman v. Bittkeer,* 45 Misc. 178, 91 N. Y. Supp. 896.)

J. W. Edgerton and Sullivan & Sullivan, for Respondents.

"While it is true, as said in *Gorham v. Heiman,* 90 Cal. 346, 27 Pac. 289, that said provision was designed to protect owners of real estate against unfounded claims of brokers, nevertheless, it is equally applicable to any contract whereby one, whether owner or not, employs another to effect the sale of real estate, and agrees, unconditionally, to pay a stipulated sum for the performance of such services." (*Aldis v. Schleicher,* 9 Cal. App. 372, 99 Pac. 526; *Saunders v. Yoakum,* 12 Cal. App. 543, 107 Pac. 1007; Sellers *v. Solway Land Co.,* 31 Cal. App. 259, 160 Pac. 176; *Eaton v. Yount,* 47 Cal. App. ——, 191 Pac. 1009.)

In the states requiring a written contract for the payment of commissions for the sale of real property, there is no reported case where an action by one broker against another, for the recovery of the entire commission, has been maintained.

"In the absence of an agreement for a division of commission, one broker is not liable to another for commission received." (*Clark v. Courtier,* 280 Ill. 590, 117 N. E. 720.)

McCARTHY, J.—This action was brought to recover a commission for a sale of real estate. The fourth amended complaint sets out that F. M. Selby (made defendant in the original complaint but later dropped) owned certain land in Idaho; that respondent Edgerton was a real estate broker and agent for Selby for the purpose of selling the land; that respondent represented to the appellants, who were real estate brokers at La Grande, Oregon, that if they would furnish a purchaser for said lands he would be personally bound to them for their commission prior to the time when he should procure a binding contract with Selby

for such payment; that acting upon such request, appellants procured a purchaser who bought the land upon the terms stipulated, paying therefor $65,000. Appellants incorporate into the complaint a letter written by them to respondent in which they stated that they had had a talk with the prospective purchaser, Mr. Williams, who had decided to take the place on Mr. Selby's own terms, and in which they made arrangements for him to meet respondent and complete the deal. They also stated: "Now getting down to the part that is most interesting to me, which is the commission, I would like a written agreement about that stating that the amount of commission shall be $3,250. A wire from Mr. Selby will be sufficient upon this point, or a letter authorizing you or Mr. Williams to pay me the said amount. I am not doubting but that this will be attended to, but it is business on my part to have it in writing."

Treating this letter as an offer from them, they allege that respondent accepted the offer on behalf of his principal Selby and himself and communicated the acceptance in the following telegram, to wit:

"Fairfield, Idaho, Oct. 10, 1917.
"Henry T. Hill, La Grande, Ore.

"Selby confirms Williams acceptance and deeds will be forwarded on wire from me that contract which I am authorized to draw is signed deal however must be closed by November first and fifteen thousand in escrow when contract signed wire when Williams wants possession will be away next week and Williams should come not later than Friday.
"EDGERTON."

They further allege that respondent caused said Selby to close the contract with said Williams and sell the land to him on the terms and conditions contained in the said letter, that respondent failed and neglected to procure any binding contract for a commission between appellants and Selby, but, on the contrary, induced said Selby to pay respondent said commission of $3,250 which he received to and

for the use of appellants. They pray for judgment in the sum of $3,250.

A demurrer was interposed on the ground that the complaint did not state facts sufficient to constitute a cause of action (1) on the theory of contract, *quantum meruit*, or for money had and received, (2) in that it did not allege a contract in writing between Selby and Edgerton for the payment of a commission; (3) in that the letter and telegram set forth therein did not constitute a contract for the payment of a commission for the sale of real property as required by section 6012 of the Compiled Laws of Idaho (now C. S., sec. 7979). This demurrer assigns the reasons why it is claimed that the complaint does not state facts sufficient to state a cause of action, but it is in essence a general demurrer. A special demurrer was also interposed on the ground that the fourth amended complaint is ambiguous, unintelligible and uncertain in that it cannot be determined whether the action is based upon contract, *quantum meruit*, or is for money had and received, also on the ground that several causes of action have been improperly united. The demurrer was sustained and, appellant refusing to plead further, judgment was entered for respondent dismissing the action. From that judgment this appeal is taken. The principal specification of error is that the court erred in sustaining the demurrer. The order and judgment do not show upon what ground the court sustained the demurrer and, if any of the grounds mentioned are well taken, the judgment should be sustained.

Respondent contends that any contract set out in the complaint was void under the provisions of Compiled Statutes, sec. 7979, which reads as follows: "Sec. 7979. No contract for the payment of any sum of money or thing of value, as and for a commission or reward for the finding or procuring by one person of a purchaser of real estate of another shall be valid unless the same shall be in writing, signed by the owner of such real estate, or his legal, appointed and duly qualified representative."

California has a similar statute which has been construed by the courts of that state. The California cases are cited and relied upon by both parties. In *Gorham v. Heiman,* 90 Cal. 346, 27 Pac. 289, the supreme court of California held: "Civil Code Cal., sec. 1624, subd. 6, requiring agreements employing an agent or broker to buy or sell real estate for compensation or commission to be in writing, does not apply to contracts between brokers to co-operate in making sales for a share of the commissions."

In *Aldis v. Schleicher,* 9 Cal. App. 372, 99 Pac. 526, the court of appeal for the second district of California held: "While it is true, as said in *Gorham v. Heiman,* 90 Cal. 346, 27 Pac. 289, that said provision was 'designed to protect owners of real estate against unfounded claims of brokers,' it is nevertheless equally applicable to any contract whereby one, whether owner or not, employs another to effect a sale of real estate, and agrees· unconditionally to pay a stipulated sum for the performance of such services. · Conceding that the compensation recoverable by a broker for selling real estate is the subject of an oral contract between him and another, under which agreement the latter is to recover the commission for effecting the sale, nevertheless a complaint, in order to state a cause of action upon such oral contract, must allege that the one from whom it is sought to recover was by his principal authorized in writing to effect a sale."

In *Casey v. Richards,* 10 Cal. App. 57, 101 Pac. 36, the court of appeal for the second district of California held that where the first broker has no written contract with the owner, a second broker employed by the first can recover from the latter only in case the owner has paid the commission to the first broker, saying, by way of interpreting *Aldis v. Schleicher, supra:* "In other words, that until it was shown either that the defendant had received a commission, or was legally entitled to recover one from the owner, there was no commission in which the plaintiff could share."

In *Johnston v. Porter,* 21 Cal. App. 97, 131 Pac. 69, the district court of appeal for the first district of California held that, even though the first broker did not have a written contract with the owner, yet, where the former had hired a second broker to help him, and the owner had paid the first broker the commission, the second broker could recover from the first broker where the agreement was to pay part of the commission. In *Hageman v. O'Brien,* 24 Cal. 270, 141 Pac. 33, the district court of appeal of the second district of California followed *Gorham v. Heiman, supra,* outright, holding: "Civ. Code, sec. 1624, subd. 6, providing that an agreement employing an agent or broker to purchase or sell real estate for a commission, is invalid, unless the same or some note or memorandum thereof is in writing and subscribed by the party to be charged or by his agent. *Held,* that such section was only designed to protect owners against unfounded· claims of brokers, and did not apply to a contract between brokers by which the principal broker contracted to pay his assistant a specified sum for services rendered in making sales."

It appears in the statement of facts, however, the agreement was to share the commission. In *Sellers v. Solway Land Co.,* 31 Cal. App. 259, 160 Pac. 175, the district court of appeal of the first district of California held in effect that, in order for the °second broker to recover of the first broker, where the latter did not have a written contract with the owner, it must appear that there was a partnership between the two brokers, or that the contract between them was for a division of the fee, or that the owner has paid the commission to the first broker. The court says: "If we hold this case not to come within the provisions of section 1624 of the Civil Code we must ignore the careful insistence to be discerned in the cases upon the existence of a partnership, or of an agreement to divide commissions, or of the existence of a fund received by one broker in which the second broker may be allotted a share—and lay down the rule that all these things are immaterial, and that a direct contract of employment to sell real estate for a

specific compensation is invalid if made by the owner of the property with a broker, but is valid if made between two brokers—contrary to the rule declared in *Aldis v. Schleicher, supra,* and which appears to us to be plainly applicable to the case at bar.''

The refinements of the rule by the district courts of appeal do not impress us as sound or logical. In the only supreme court decision, to wit, *Gorham v. Heiman, supra,* the principle is established that the statute refers to agreements between the owner and a broker, and not to contracts between the first broker and a second broker whom he employs to assist him. With this principle we are in accord. We fail to see that it makes any difference whether the agreement between the first broker and the second broker is to pay a specified sum, part or all of the commission, or whether or not the owner has paid the first broker. These circumstances do not affect the principle. If the statute does not apply to a contract between brokers the first broker should be liable to the second broker on any contract which he makes for himself, and which is supported by a sufficient consideration, as distinguished from a contract which he makes on behalf of his principal. If respondent, acting on his own behalf, made a contract with appellants to pay them a commission for obtaining a purchaser, we conclude that it was a valid contract, even though there was no written contract between the owner and respondent, and irrespective of how much respondent agreed to pay appellants, and of whether or not the owner paid any money to respondent.

If the owner paid a fee to respondent for appellants, intending that respondent should pay it to appellants, that would raise the question of whether appellants could recover from respondent for money had and received, an entirely different question from that of a contractual liability on the part of respondent based on his contract with appellants.

In the fourth amended complaint the pleader starts out by alleging that respondent agreed to pay appellants a commission if he did not obtain a written contract to that effect

with the owner. If this states any cause of action it is on a *quantum meruit,* and it is later alleged inferentially that $3,250 is a reasonable commission. Next, the pleader sets out the letter from appellants to respondent and respondent's telegram in reply, the theory evidently being that these made a written contract obligating respondent to pay a commission of $3,250. Next the pleader alleges that Edgerton neglected to obtain a written contract between appellants and the owner, but induced the latter to deliver to him the commission of $3,250, which he received to and for the use of appellants. Here the theory is that the action is one for money had and received. In our judgment the second theory is not tenable, in that the letter and telegram did not constitute a contract between appellants and respondent, obligating the latter to pay the commission. The third theory is also untenable in that the complaint does not allege that the owner paid the money to respondent to and for the use and benefit of appellant. If the complaint states any cause of action it is by virtue of the allegations first above referred to, and on the theory of *quantum meruit.* Concluding, as we do, that the statute does not apply to a contract between the first broker and the second broker, a contract on the part of respondent to pay appellants a reasonable commission for obtaining a purchaser for the property would be valid. We conclude that the complaint states such a cause of action, and the general demurrer was not well taken. Incidentally attention is called to the fact that the complaint alleges that the owner actually paid the commission to respondent and this would permit a recovery even under the theory adopted in the latest California decision, to wit, *Sellers v. Solway Land Co., supra.* However, we lay no stress on that circumstance.

There remains, however, the special demurrer on the two grounds; first, that the complaint is ambiguous, unintelligible, and uncertain in that it cannot be determined whether the action is based upon contract or *quantum meruit,* or is for money had and received; secondly, that several causes of action have been improperly united. We

think the first ground is well taken and that the complaint is uncertain for the reason given. Even though the causes of action on express contract and for money had and received are not sufficiently stated, yet their presence in the complaint, and the theories which they inject, make the complaint uncertain. The fault is uncertainty, rather than ambiguity and unintelligibility, but the fact that the three adjectives are used in the conjunctive does not render the demurrer bad.

We turn now to the second ground of the demurrer, viz., that several causes of action have been improperly united. Disregarding the question of commingling several causes of action without separately stating them, which defect should have been raised by a motion to require appellants to separately state their several causes of action rather than by demurrer (*Darknell v. Coeur d'Alene etc. Transp. Co.,* 18 Ida. 61, 108 Pac. 536), and conceding that under the authority of that case an action on *quantum meruit* and express contract can be joined, it appears to us that an action on contract and one for money had and received are inconsistent. If inconsistent, they cannot properly be joined. (*Darknell v. Coeur d'Alene etc. Transp. Co., supra.*) We conclude that the special demurrer was good on both grounds. As stated above, if either the general or special demurrer was well taken, on any of the grounds covered, the ruling of the court was correct.

The judgment is affirmed, with costs to respondent.

Rice, C. J., and Dunn and Lee, JJ., concur.

## ON PETITION FOR REHEARING.

### (July 1, 1922.)

RICE, C. J.—Appellants have filed a petition for rehearing in this cause, or, in lieu thereof, that the court modify its judgment and remand the cause to the trial court for such further proceedings as may be deemed proper,

with liberty to the trial court to entertain an application by them to amend their complaint.

Under the circumstances of this case, we think the former judgment should be modified. See *Feehan v. Kendrick,* on petition for modification of decision, 32 Ida. 225, 179 Pac. 507. The cause will therefore be remanded to the trial court, with authority, within its legal discretion, to entertain and determine a motion by appellants to amend their complaint, should such motion be made within ten days after filing the *remittitur,* or within such additional time as the trial court may grant them. If such motion shall not be made within such time, the judgment of the trial court will stand affirmed.

Budge and Dunn, JJ., concur.