[Civ. No. 17567.   First Dist., Div. Two.   Nov. 19, 1957.]

JOSEPH DAFT et al., Respondents, v. PETER ENOS, Appellant.

Watson & Tedesco and Vincent N. Tedesco for Appellant.

Machado, Feeley & Machado for Respondents.

DOOLING, J.—Defendant appeals from a judgment awarding plaintiffs $4,800.

Appellant and respondents are all licensed real estate brokers. On April 19, 1955, respondent Daft received an oral listing to sell property belonging to two brothers named

Renzel for $265,000. It was orally agreed that if Daft procured a buyer at that price he should receive a $10,000 commission. Daft in turn orally listed this property with respondent Gomes. Gomes held a written authorization to sell the property of LaBrucherie which adjoined the Renzel property.

Taking the evidence most favorable to the judgment Gomes and appellant had orally agreed to cooperate in the sale of the LaBrucherie property and to divide the commission equally in the event of its sale. Gomes testified that on December 4, 1955, Gomes and appellant met to discuss the sale of the LaBrucherie property. Appellant incidentally informed Gomes that he knew of a man who wished to invest about $200,000 in orchard property. The Renzel property was largely planted to orchard trees and Gomes told appellant that he had a property which might interest the prospective purchaser mentioned by appellant. Appellant, when he learned that Daft had listed this property with Gomes, asked Gomes: "Is this going to go a three-pay way?" and Gomes replied: "No . . . 50-50. Our office has to work with Mr. Daft's office, and you'll take care of the other 50."

"Q. In other words, Mr. Enos was to get 50 percent? A. That's right, 50 per cent.

"Q. And your office and Mr. Daft's office would get the other 50 percent? A. That's right."

The Renzel property was shown to the prospect by appellant and he purchased it. The Renzels paid $5,000 to appellant in part payment of his commission for the sale and it was orally agreed that they would pay an additional $4,600. This $4,600 was held under writ of attachment levied by respondents upon the Renzels.

Appellant's contention that the oral agreement to split the commission from the sale of the Renzel property with respondents was not proved is answered by the testimony of Gomes outlined above.

Appellant argues that an oral contract between brokers to share a commission is only enforceable if one of the brokers has a binding written contract with the principal. (*Aldis* v. *Schleicher*, 9 Cal.App. 372 [99 P. 526].) This rule, however, has been held inapplicable to the case where one broker has actually received a commission from the principal although there was no contract in writing between them. In the latter case the oral contract to divide the commission is enforceable. (*Johnston* v. *Porter*, 21 Cal.App. 97 [131 P.

69]; *Jenkins* v. *Locke-Paddon Co.*, 30 Cal.App. 52 [157 P. 537].) In the Jenkins case the court stated the rule (30 Cal. App. p. 57): " . . . [W]hen it appeared that at the time the action was begun there had actually been received by the first agent a fund in the nature of a commission in which the plaintiff could be awarded a share, it was immaterial what sort of a contract, valid or otherwise, the first agent had with his principal, the owner of the property."

The doctrine of procuring cause of the sale is not applicable to this contract, the consideration for appellant's promise to pay respondents one-half of the commission being found in Gomes' disclosure of the availability of the Renzel property for sale.

As to the $5,000 actually received by appellant the right of respondents to a present judgment for one-half thereof, i.e. $2,500, is clear. As to the $4,600 not yet received it cannot be said to constitute a fund in appellant's hands. While one of the Renzels on the witness stand testified that he intended to pay an additional $4,600, the contract being oral is still not legally enforceable and until the money is in appellant's hands he should not be compelled to answer a judgment for one-half of it. The rights of the parties have been fully litigated, however, and a declaratory judgment that plaintiffs are entitled to receive one-half of said $4,600 commission or any part thereof if and when it is paid by the Renzels to defendant will furnish full protection to all parties.

Appellant suffered no legal injury by the failure of the trial judge to decide the case within 30 days as required by Code of Civil Procedure, section 632, since that section has been held to be directory and not mandatory. (*Charlton* v. *Pan American World Airways*, 116 Cal.App.2d 550, 553 [254 P.2d 128].)

Nor was appellant prejudiced by the court's reserving the right in respondents to call one witness after the close of their case-in-chief. The witness was not in fact called and respondents had already introduced sufficient evidence to make a motion for nonsuit by appellant futile.

The trial court is ordered to modify the judgment by reducing the principal amount of the recovery from $4,800 to $2,500 and by adding thereto a declaration of plaintiffs' rights in the further expected payment of $4,600 in accordance with this opinion. As so modified the judgment is ordered affirmed.

Kaufman, P. J., and Draper, J., concurred.