Bartlett, J.
The plaintiff brought this action to recover one-half of $9,000, brokers’ commissions on an exchange of real estate, which he alleged the defendant had agreed to divide with him. The material allegations of the complaint were as follows: In March, 1885, the plaintiff was acting as broker or agent for the sale of the Grenoble Apartment House, in the city of Hew York, commonly reported to be the property of William Hoble; and the defendant was acting as broker or agent for the sale of certain lots between Sixty-Third and Sixty-Fourth streets and Tenth and Eleventh avenues, commonly known as the property of John Paine. The value of the Grenoble Apartment House was $800,000, and the value of the Paine lots was $800,-000. The plaintiff and defendant, as such agents or brokers, entered into negotiations with each other for the exchange of the properties; whereupon it was agreed between them that the defendant should carry on the negotiations with William Hoble for the contemplated exchange, and that the commissions to be earned in the transaction should be divided equally between the plaintiff and defendant. In May, 1885, an exchange of the properties was effected, through the joint effort and agency of the plaintiff and defendant. The commissions earned in the transaction were $9,000, which the defendant collected from the parties thereto, but refused to pay any part thereof to the plaintiff. The answer admitted that the defendant was agent or broker for the sale of the Paine lots, and also that he refused to pay the defendant $4,500 upon his demand therefor. As to the other allegations of the complaint, *32 there was either a denial, or a denial of any knowledge or information sufficient to form a belief. Upon these pleadings the case was brought to trial at the circuit, before a jury. Upon the conclusion of the plaintiff’s testimony, the defendant moved to dismiss the complaint, on the ground that-the proof had totally failed to make out the cause of action alleged therein, and that there was nothing for the jury to pass upon. Decision upon this-motion was reserved, and the court adjourned until the next morning, when the plaintiff asked leave to reopen the case, and put one more witness on the stand to testify as to the knowledge of William Noble as to the division of' commissions. This application was denied, and the motion to dismiss the-complaint was then renewed, and granted.
So far as the. motion was based on an alleged failure of proof, the court, erred in granting it. The plaintiff’s' testimony, in connection with that of' Noble, was amply sufficient to justify a finding that Noble employed him to-negotiate an exchange of the Grenoble Apartment House for the Paine lots, at a valuation of $600,000 for the former, as against $300,000 for the latter. The plaintiff also swore that Noble promised him a commission of 1 percent. if he made the trade; that he worked hard in endeavoring to effect the exchange; that the defendant agreed to divide the commissions with him; and finally asked the plaintiff to keep away from Paine, telling him to leave the-trade in his (the defendant’s) hands, and he would take care of it for the plaintiff. That an exchange was made, was proved by the testimony of Noble- and the defendant, and the introduction in evidence of the deeds. Noble testified that he paid the defendant $6,000 for carrying through the trade, and the defendant admitted on the stand that he hacl received $3,000 commissions-from Paine. It is true that the owner of the Grenoble Apartment House-turned out to be, not William Noble, but Eliza Noble, his wife; but the-employment of the plaintiff was shown to have been by William Noble,, and he appears to have been sufficiently interested in the transaction to pay $6,000 for bringing about the exchange. Indeed, he so far forgot his wife’s-ownership of the property as to swear in the first instance that he was the-owner himself. Under the circumstances disclosed by the evidence, it is difficult to perceive how the fact that the legal title was in Mrs. Noble can affect, the rights of the parties to this suit, as against each other.
Upon these proofs the case ought to have gone to the jury, unless the contract to divide the commissions was illegal, and unless the defense of illegality was available to the defendant. If one party to an exchange of real estate-employes a broker to effect the exchange, and agrees to pay him a commission therefor, with notice that he has been similarly employed, and is to be paid a commission, by the other party, the agreement is enforceable by the-broker. Rowe v. Stevens, 53 N. Y. 621. Certainly if Noble knew of the contract between the brokers in the present case, and assented to it, he could not-.resist the claim of the plaintiff to recover as against him; assuming that the-plaintiff was employed, as he says he was, and rendered services which resulted in the exchange. Noble appears to have employed the plaintiff, not to-exercise his discretion in his behalf, nor to try to get as muchas he could for the Grenoble Apartment House, but simply to exchange it at a specified valuation for other property at a specified valuation. The fact that the plaintiff hoped or expected to obtain some of his compensation for bringing about the exchange from the commissions which the owner of the other property might pay his broker could have had no tendency to lessen the plaintiff’s activity or diligence in Noble’s interest, or to injure Noble in the least. Noble had fixed his terms, and all the plaintiff had to do was to induce the owner of the Paine lots to accept them. Unless he did this, he would receive nothing. If he did this, it mattered not to Noble how much the plaintiff might receive by way of additional remuneration from the agent of the other party to the transaction. The defendant did not plead any illegality in the contract sued. *33 upon; and, if the motion to dismiss the complaint was placed in part on that ground,—a fact which is not shown by the record,—the plaintiff was in time with his offer to prove that Noble knew of the agreement, and he should have been allowed to put in his proof on that point. Assuming such knowledge on Noble’s part to have been established, (and on this appeal the plaintiff is entitled to the most favorable inferences in his behalf,) there was no illegality in the contract which would have constituted a defense in behalf of Noble, if he had been sued by the plaintiff for the 1 per cent, he undertook to pay; nor does it appear that there was anything in the contract which the law condemns, as between the plaintiff and the defendant. As we have seen, the plaintiff violated no obligation or duty towards his principal. He had the right to assume that the defendant was dealing as fairly with the principal, whom he represented, and that he had acquainted him with the proposed division of commissions. If the defendant failed to do this, or otherwise to observe the uberrima fldes which the law exacts from an agent towards his principal, he thereby imperilled his claim for compensation for his services, (Murray v. Beard, 102 N. Y. 505, 508, 7 N. E. Rep. 553;) but, after having received such compensation, he could not avail himself of his own wrongdoing as a means of defense against a demand for a part of the money, based upon a contract which was perfectly lawful, so far as the claimant was concerned. The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.
Yak Brunt, P. J., and Macomber, J., concur.