(5 Misc. Rep. 404.)

### KAUFMAN v. BLOCH.

(Common Pleas of New York City and County, General Term. November 6, 1893.)

1. TRIAL—SUBSTITUTION OF ISSUES.
Where the issue litigated is different from that made by the pleadings, and no objection is made at the trial, it will be presumed that the parties consented to the substitution of the issue.

2. REAL-ESTATE BROKERS—AGREEMENT TO DIVIDE COMMISSIONS.
Plaintiff, a broker, who was employed by the owner of land to sell the same, put the land in the hands of defendant, another broker, under an agreement that he would divide his commissions with plaintiff. Defendant sold the land, and received the commissions. *Held*, that plaintiff was entitled to recover his share of such commissions, and it was immaterial whether or not the vendor requested defendant to pay a part to plaintiff.

Appeal from fourth district court.

Action by Louis Kaufman against Samuel Bloch to recover for moneys alleged to have been had and received to plaintiff's use. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Samuel Muller, for appellant.

Charles Goldzier, for respondent.

BISCHOFF, J. The complaint was in form for money had and received to plaintiff's use, and the recovery was upon defendant's promise to divide his commissions, as a real-estate broker, to be received upon the sale of certain real property which had been given to plaintiff for sale, and which the latter had employed defendant to sell. Ordinarily, the rule that the recovery must be secundum allegata et probata should prevail. Romeyn v. Sickles, (N. Y. App.) 15 N. E. Rep. 698. It is competent to the parties, however, to consent to the litigation of a cause of action other than the one pleaded, and consent is inferable from the fact that evidence of the substituted cause of action was received without objection. Frear v. Sweet, 118 N. Y. 454, 23 N. E. Rep. 910. In the present instance, therefore, the judgment is unassailable because of variance between the pleadings and the proof, as appellant contends.

Whether or not the vendor requested defendant to pay part of the commissions to plaintiff could not in any wise affect plaintiff's

right to recover upon the agreement with defendant to divide the commissions. In either event, plaintiff was entitled to recover, if the agreement was in fact made. The exclusion of evidence tending to show that the vendor did or did not make the request alluded to cannot, therefore, be said to constitute error.

Again, whether or not the agreement to divide the commissions was made, was a question to be determined by the justice below upon the conflicting testimony of the parties to this action; and the apparent inconsistency of defendant's testimony with that of other and disinterested witnesses, regarding other facts, we think, authorized the justice to credit plaintiff, rather than defendant. The judgment should be affirmed, with costs.