[Civ. No. 1421. First Appellate District.—February 8, 1915.]

## J. C. HLADIK, Respondent, v. H. B. ALLEN et al., Appellants.

REAL ESTATE BROKERS—ACTION BETWEEN FOR PART OF COMMISSION—
AGENTS ACTING FOR BOTH PARTIES—VALIDITY OF CONTRACT.—In an
action by a real estate broker against other brokers to recover one-
half of the commission paid on an exchange of properties alleged
to have been consummated as the result of the joint efforts of both
brokers under an agreement between them to divide the commission,
which commission was paid by both principals to the defendants
with the knowledge that the brokers were acting for both parties,
the rule which precludes a person from acting in a dual capacity
as agent for both parties without their knowledge and consent in
a transaction in which their interest would be naturally antagonistic,
has no application.

ID.—PLEADING—SUFFICIENCY OF COMPLAINT.—The contention in such a case that the complaint did not state a cause of action because it did not affirmatively allege that the agreement of the brokers to pool and divide the commissions was entered into with the knowledge and consent of both principals, cannot be maintained, where the complaint in effect alleged that the defendants acted as the agents of both principals with their knowledge and consent, it being necessarily implied from the knowledge and consent of the principals to the dual character of the defendants' agency that the principals consented to defendants receiving a double commission.

ID.—FAILURE TO INFORM PRINCIPAL OF AGREEMENT TO DIVIDE COMMISSIONS—IMMATERIALITY OF.—In such a case the contention that because the agreement between the plaintiff and defendants to divide the commissions was not in fact known to one of the principals it was void and unenforceable, as being against public policy, notwithstanding the fact that the evidence showed beyond dispute that both principals knowingly consented to the dual character of the defendants' agency, cannot be maintained, it appearing that the relation of principal and agent never existed between plaintiff and the principal who was not informed of the agreement.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. B. V. Sargent, Judge presiding.

The facts are stated in the opinion of the court.

Robert W. Harrison, and Richard C. Harrison, for Appellants.

Russell W. Cantrell, and Robert H. Borland, for Respondent.

LENNON, P. J.—This is an action founded upon an alleged oral agreement between broker and broker for the recovery of one-half of the commissions paid to one broker by the principals to an exchange of two pieces of real property, which exchange was alleged to have been consummated as the result of the joint efforts of both brokers.

The facts of the case as pleaded and proven upon behalf of the plaintiff are substantially these: The defendants H. B. Allen and L. D. Allen, as copartners under the name of Allen & Co., were engaged in business as real estate brokers. J. H. Bohlig and E. P. Wingerter were the owners of two parcels of real property which they were induced to exchange as the

result of the joint efforts of the plaintiff and the defendants. At the inception of the negotiations the plaintiff alone was the accredited agent of Bohlig; but the defendants, although originally the sole agents of Wingerter, eventually and before the transaction was closed, became, with the knowledge and consent of Wingerter, the agents of Bohlig. The exchange was consummated in keeping with the terms and conditions of accepted written offers to exchange which passed between the owners of the property, under which Wingerter, in addition to conveying his property to Bohlig, paid the latter the sum of three thousand dollars. Pending the negotiations for the exchange it was agreed between the defendants and the plaintiff that in consideration of the latter's assistance in promoting the exchange he should receive one-half of the commission which might be paid to Allen & Co. by either or both of the principals. Although the double character of the defendant's agency was known to and consented to by both Wingerter and Bohlig, the former was not informed of the agreement to divide the commission. Plaintiff, however, informed his principal, Bohlig, of the agreement to divide the commission, and the latter not only consented thereto but, at the request of the plaintiff, paid his share of the commission to the defendants. The defendants received as commission from both principals the aggregate sum of two thousand two hundred and fifty dollars, but refused to pay the plaintiff any part thereof.

Upon these facts the plaintiff prayed for and recovered a judgment against the defendants in the sum of one thousand one hundred and twenty-five dollars, from which and from an order denying a new trial the defendants have appealed.

The sufficiency of the evidence to justify the findings is not disputed, but it is contended upon behalf of the appellants that the complaint does not state a cause of action in this, that it does not affirmatively allege that the agreement to pool and divide the commissions was entered into with the knowledge and consent of both principals. In support of this contention the appellants invoke the familiar rule of the law of agency which, upon the ground of public policy, precludes a person from acting in the dual capacity of agent for two principals, without their knowledge and consent, in a transaction where their interests would naturally be antagonistic.

The rule relied upon has no application to the facts of the present case. The plaintiff's complaint in effect alleges that the defendants acted as the agents of both principals with their knowledge and consent. The dual character of the defendants' agency necessarily implied that they would be entitled to commissions from both principals, and having knowledge of and consenting to the dual character of the defendants' agency, both principals presumably had knowledge of and consented to the defendants receiving a double commission.

Passing to the facts of the case as adduced upon the trial, it is insisted upon behalf of the defendants, that the evidence shows that the agreement between the plaintiff and the defendants to divide the commissions was not in fact known to Wingerter, and that therefore the agreement was void and unenforceable as being against public policy, notwithstanding the fact that the evidence shows beyond dispute that both principals knowingly consented to the dual character of the defendants' agency. More accurately stated, the defendants' contention in this behalf is that although their contract with Wingerter was valid and enforceable because of the fact that both principals knew of and consented to the double employment of the defendants, nevertheless the agreement to pool and divide the commissions was void because Wingerter was not informed by either the plaintiff or the defendants of the execution and existence of such agreement. The evidence clearly shows that the relation of principal and agent never at any time existed between Wingerter and the plaintiff. This being so, plaintiff was under no obligation to inform Wingerter of the agreement to divide the commissions, and as the evidence shows that Bohlig, the plaintiff's principal, was fully informed of and consented to the agreement to divide the commissions, it cannot be said that the plaintiff's position in the transaction contravened the rule relating to and regulating his duties as an agent. As a matter of course the plaintiff could not control the conduct of the defendants toward their principal Wingerter, and not occupying a fiduciary relationship toward Wingerter it was no concern of the plaintiff whether or not the defendants informed Wingerter of the agreement in question. The duty, if any, in this behalf devolved upon the defendants alone; for, as was said in the case of *Dearing* v. *Sears,* 50 Hun, 604, 3 N. Y. Supp. 31: "There

was nothing in the contract which the law condemns as between the plaintiff and the defendant. As we have seen, the plaintiff violated no obligation or duty toward his principal. He had the right to assume that the defendant was dealing as fairly with the principal whom he represented, and that he had acquainted him with the proposed division of commissions. If the defendant failed to do this, or otherwise to observe the '*uberrima fides*' which the law exacts from an agent toward his principal, he thereby imperiled his claim to compensation for his services, but after having received such compensation he could not avail himself of his own wrong-doing as a means of defense against the demand for a part of the money based upon a contract which was perfectly lawful so far as the claimant was concerned.''

Apart from the foregoing considerations, it is an undisputed fact in the case that the dual character of the defendants' agency was known and consented to by Wingerter, and there is in the record undisputed and convincing evidence that Wingerter knowingly consented to the defendants receiving double commissions. In this connection the record shows two paper writings offered and received in evidence upon behalf of the plaintiff, both of which, over the signatures of Wingerter and Bohlig, are addressed to and authorize the defendants, as the agents of both Wingerter and Bohlig, to negotiate upon stated terms and conditions the exchange in question, and provided that a specified commission would be paid to the defendants by both Wingerter and Bohlig upon the consummation of the exchange. Under such circumstances the defendants' right to the commissions agreed upon could not have been successfully denied by either Wingerter or Bohlig (*Jauman* v. *McCusick*, 166 Cal. 518, [137 Pac. 254]), and being legally obligated to pay the agreed and earned commissions, it was no concern of the public or of Wingerter and Bohlig what the defendants did or agreed to do with the commissions paid to them.

For the reasons stated the judgment and order appealed from are affirmed.

Richards, J., and Kerrigan, J., concurred.

26 Cal. App.—33

A petition for a rehearing of this cause was denied by the district court of appeal on March 10, 1915, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 8, 1915.